# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 16-4798

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RAZAK A. DOSUNMU, a/k/a Zak Dosunmu,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:16-cr-00054-AJT-1)

Submitted: December 6, 2017      Decided: December 20, 2017

Before GREGORY, Chief Judge, and TRAXLER and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Kevin R. Brehm, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Jack Hanly, Assistant United States Attorney, Edward P. Sullivan, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Razak Dosunmu was charged with two counts of bribery of a public official, in violation of 18 U.S.C. § 201(b)(1) (2012). Dosunmu moved to suppress the inculpatory statements he made to law enforcement, arguing that they were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1986). The district court denied the motion. Dosunmu proceeded to a jury trial, where he was convicted of two counts of the lesser included offense of offering illegal gratuities to a public official, in violation of 18 U.S.C. § 201(c) (2012). Now, Dosunmu appeals his conviction and 15-month sentence, challenging the district court's denial of his suppression motion. For the reasons that follow, we affirm.

On appeal, the parties primarily dispute whether Dosunmu's waiver of his *Miranda* rights was knowing and intelligent in light of the advisements he received from the interviewing agents regarding his right to appointed counsel before and during questioning. Ultimately, we conclude that we need not resolve this dispute, as any such constitutional error was harmless beyond a reasonable doubt.

Admission of a defendant's statement obtained in violation of *Miranda* does not mandate reversal of the defendant's conviction if "the admission of the statement at issue was harmless beyond a reasonable doubt, such that it is clear that a rational fact finder would have found the defendant guilty absent the error." *United States v. Giddins*, 858 F.3d 870, 885 (4th Cir. 2017) (internal quotation marks omitted). In the *Miranda* context, factors relevant to harmlessness include: "(1) the importance of the statement to the government's case; (2) the impact on credibility of other evidence; and (3) the

2

admission of prejudicial evidence based solely on the admission of the statement." *Id.* at 886 (citing *Arizona v. Fulminante*, 499 U.S. 279, 297-300 (1991)). We review the record de novo to determine whether the Government has met its burden to establish that the admission of Dosunmu's statements did not contribute to his conviction. *See Fulminante*, 499 U.S. at 295-96.

We conclude that the Government satisfied its burden here. As the Government observes, the trial provided overwhelming and largely undisputed evidence that Dosunmu offered illegal gratuities to a government official. Dosunmu's own recorded statements to the official clearly established his intention to provide the official with money in appreciation for his assistance in securing a government fuel contract. Dosunmu made unequivocal offers of payment and repeatedly referenced the financial assistance he would provide the official for his efforts. In a recorded, in-person meeting with the official, Dosunmu explicitly described these payments as a "gratuity" or "treat," and he suggested methods for concealing the payments. He eventually made a nominal payment to the official, which he explained was intended as a token of his sincerity in offering larger future sums. While Dosunmu also admitted to offering the official money as a gratuity during his interview with law enforcement, that admission was essentially duplicative of other uncontroverted evidence introduced at trial.

Dosunmu observes that the Government relied on his interview with law enforcement during its closing argument. Although we recently recognized that reliance on evidence in closing argument may indicate the weight that evidence carries in relation to the trial as a whole, we declined to adopt a bright-line rule that evidence addressed by

3

the Government in closing necessarily contributed to the defendant's conviction. *See Giddins*, 858 F.3d at 885. Here, the Government relied on Dosunmu's statement to law enforcement primarily to support its argument that the evidence established Dosunmu's "corrupt intent"—the mental state distinguishing the charged bribery offenses from the lesser-included illegal gratuity offenses of which he was convicted. *See United States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998) (distinguishing illegal gratuity from bribery). The jury agreed with Dosunmu in acquitting him of the bribery charges.

Dosunmu also argues that the introduction of his statement altered his trial strategy, as he would not have conceded the illegal gratuity offenses and instead would have argued more forcefully that he was entrapped by the government official or was merely joking or "playing along" with the official's solicitation of bribes. This argument, too, ignores the nature and import of Dosunmu's own recorded statements to the official. Dosunmu did not offer an entrapment defense with respect to the illegal gratuity offenses, and we conclude such a defense would find little support in the evidence, even if his statement to law enforcement were excluded. *See United States v. Ramos*, 462 F.3d 329, 335 (4th Cir. 2006) (discussing entrapment); *United States v. Squillacote*, 221 F.3d 542, 569 (4th Cir. 2000) (same). In short, our review of the record as a whole convinces us "beyond a reasonable doubt that the error did not influence the jury's verdict." *See Williams v. Zahradnick*, 632 F.2d 353, 360 (4th Cir. 1980).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*